THE STATE use of SCOFFIELD's Adm'r. *vs.* CRADDOCK.—June 1826

During a contest about the will of a deceased person, letters of administration *pendente lite* were granted to A, who gave bond with sureties A creditor of the deceased brought an action against the administrator *pendente lite,* and the writ was returned *non est inventus.* An action was then brought on the administration bond, against one of the sureties therein, and was pending when the contest about the will was decided, by admitting the will to probat, but no letters testamentary were taken out on the estate of the deceased.—*Held,* that the authority, under the letters *pendente lite,* was at an end when the contest about the will terminated in the orphans court. Also, that suits upon the special administration bond, whether against the principal, or his sureties, might be abated by them.

APPEAL from *Cecil* County Court. This case, which is fully stated by the judge who delivered the opinion of this court, was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J. by

*Gale,* for the Appellant; and by
*Chambers* and *Stump,* for the Appellee.

EARLE, J. delivered the opinion of the court. This is a suit on the administration bond of *Andrew P. Redding,* administrator *pendente lite* of *Andrew I. Peterson,* deceased, brought against *Richard Craddock,* one of his sureties. The points to be decided arise from a statement of facts agreed upon between the parties. By this it appears that *Scoffield* was a fair creditor of *Peterson,* and that *Wroth, Scoffield's* administrator, sued for the debt to September term of *Cecil* county court 1822, bringing his writ against *Andrew P. Redding,* administrator *pendente lite* of *Andrew I. Peterson,* which was returned *non est inventus.* That the action was thereupon instituted on the administration bond, and was pending on the 14th of April 1824, when the contest about the will of *Andrew I. Peterson* was terminated by a decision of the orphans court, "that the will be admitted to probat;" but that no further proceedings have been had in said court, or elsewhere, in relation to it. The questions to be adjudicated are, whether the letters *pendente lite* were at an end when the contest about the will terminated in the orphans court, although letters testamentary have not been taken out on the estate of *Andrew I. Peterson?* And whether this defendant can abate the suit on the administration

bond, if the special administration ceased with the contest in the orphans court?

The first question depends for a solution on the nature of the letters *pendente lite*, and the sound construction of the acts of assembly on this subject; and the court are of opinion, that the authority under the letters was at an end when the contest about the will terminated in the orphans court. The authority under the letters, from the very terms of them, can continue no longer than while there is a controversy about the will, and when the contest is at an end, the power derived from the letters immediately ceases. It is like letters during the absence of the executor, the effect of which is determined on his return to the state. The act of 1810, *ch.* 84, *s.* 6, is not opposed to this principle. The words of the proviso are, that upon *a decision* had on such contested will, the same proceeding shall be had, &c. thus making the special administrator answerable to the executor from that period, upon the ground that his power then ceases, and his responsibility to the executor from that point of time commences. The neglect to take letters testamentary in this particular case does not alter the principle.

If the suit had been depending against the administrator *pendente lite*, on the 14th of April 1824, when the orphans court decided in favour of the probat of the will, the authorities are clear, that it might have been abated by him, by a plea *puis darrein continuance*. So is *Sparks vs. Crofts*, 1 *Ld. Raym.* 265, and *Carth.* 432. The only authority that looks like opposition to this, is 3 *Bac. Ab.* tit. *Executors & Administrators*, (B 2) 14. *Bacon* says, that where administration determines pending the action, the special administrator ought to retain assets to satisfy the debt attached on him by the action. But this does not deny to him the means of abating the suit. As we conceive, it only provides him with redress, in case he neglects or omits to use the plea at the next continuance, and the authorities, therefore, may be well reconciled. The question then is, can this privilege of the special administrator be extended to a suit on the administration bond against his surety? And why should it not be extended to him? Is the principal to possess a privilege which is denied to his surety? The administrator *pendente lite* abates all the suits against him, set-

tles finally with the executor, and pays over to him all the assets in his hands, and his security is to be left to contend with a creditor, without the means of abating the suit, and without the means of retaining assets to discharge the judgment, if one should be obtained against him. This law, it must be admitted, would impose unusual hardships, and it ought not to be so settled unless there is an imperious necessity for it. The court do not feel that there is such a necessity. The matter in abatement does not go to the cause of action, or to a denial of *Scof-field's* claim, but it proposes to put an end to that particular suit, by reason of the peculiar situation of the defendant, and those with whom he is connected by his engagements. The suit might have been abated by the plea of the principal, if sued on the administration bond, for it is another remedy only against him for the same debt; and for the same reason, if it is not a stronger one, it may be abated as to the security.

JUDGMENT AFFIRMED.